THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  LEONARD ROLLINS, et al.,                        CASE NO. C14-1414 JCC

10                                                 ORDER EXTENDING TOLLING OF
                     Plaintiffs,                   STATUTE OF LIMITATIONS,
11                                                 GRANTING CONSOLIDATION
        v.                                         AND JOINDER, AND DENYING
12                                                 MOTION FOR ORDER OF
    TRAYLOR BROS INC, et al.,                      PROTECTION
13
                     Defendants.
14

15        This matter comes before the Court on Plaintiffs' motion to extend tolling of statute of

16  limitations (Dkt. No. 104), Plaintiffs' first motion to consolidate cases (Dkt. No. 107),

17  Defendants' motion for protective order (Dkt. No. 108), the parties' stipulated motion for

18  amendment and joinder (Dkt. No. 124), and Plaintiffs' second motion to consolidate (Dkt. No.

19  125). Having thoroughly considered the parties' briefing and the relevant record, the Court finds

20  oral argument unnecessary and hereby GRANTS Plaintiffs' motion to extend tolling (Dkt. No.

21  104), GRANTS Plaintiffs' two motions for consolidation and joinder (Dkt. Nos. 107 and 125),

22  GRANTS the parties' stipulated motion for amendment and joinder (Dkt. No. 124), and DENIES

23  Defendants' motion for a protective order (Dkt. No. 108) for the reasons explained herein.

24  **I.     BACKGROUND**

25        On May 3, 2016, the Court decertified the class in this case. (Dkt. No. 99.) Since that

26  ORDER EXTENDING TOLLING OF STATUTE
    OF LIMITATIONS, GRANTING
    CONSOLIDATION AND JOINDER, AND
    DENYING MOTION FOR ORDER OF
    PROTECTION
    PAGE - 1

1    date, Plaintiffs have attempted to consolidate and join the claims of former class members. (Dkt.

2    Nos. 107, 124, and 125.) Defendants have contested consolidation and joinder in some instances,

3    (Dkt. No. 129), although not in others. (Dkt. Nos. 112 and 124.)

4         In addition, to preserve their claims, Plaintiffs move the Court to extend the tolling of all

5    statutes of limitations for former class members, (Dkt. No. 104), while Defendants move the

6    Court to stay all depositions until after the joinder deadline has passed. (Dkt. No. 108.)

7         The Court will address each of the pending motions in turn.

8    **II.   DISCUSSION**

9         **A.    Plaintiffs' Motion to Extend Tolling**

10        Plaintiffs first move the Court to extend the tolling of all applicable statutes of limitations

11   from May 3, 2016, the date the class was decertified, through August 31, 2016. (Dkt. No. 104 at

12   2.)

13        "[T]he commencement of a class action suspends the applicable statute of limitations as

14   to all asserted members of the class who would have been parties had the suit been permitted to

15   continue as a class action." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983).

16   The statute of limitations remains suspended until class certification is denied. *Id.* When a class

17   is decertified, courts frequently toll the statute of limitations to prevent class members from

18   forfeiting their claims. *See, e.g.*, *In re Teflon Products Liability Litigation*, 254 F.R.D. 354, 371

19   (S.D. Iowa 2008) (decertifying class and holding that "[a]ll statutes of limitations periods are

20   tolled for ninety (90) days from the date of this Order to enable individuals or estates of

21   individuals meeting the criteria set forth in plaintiffs' proposed class definitions to file separate

22   complaints in the appropriate federal or state district court"). Such tolling is permissible because

23   "time requirements in lawsuits between private litigants are customarily subject to equitable

24   tolling." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (internal quotation marks

25   omitted). Nonetheless, the moving party must still establish that tolling is appropriate.

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 2

1    To do so, that party must show "(1) that he has been pursuing his rights diligently, and
2    (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d
3    1030, 1052 (9th Cir. 2013). To satisfy the first requirement, a plaintiff must be "without any fault
4    in pursuing his claim." *Id.* at 1052. As to the second requirement, "[e]quitable tolling is typically
5    granted when litigants are unable to file timely [documents] as a result of external circumstances
6    beyond their direct control." *Id.*

7    In the instant case, there is no indication that any of the former class members who might
8    forfeit claims due to statutes of limitations are at fault. Rather, these individuals likely believed,
9    from the commencement of this litigation on September 12, 2014, (Dkt. No. 1), through class
10   certification on January 21, 2015, (Dkt. No. 71), that the class represented their interests—
11   especially given the publicity surrounding the class action. (Dkt. Nos. 111-4 and 111-5.) Thus,
12   the subsequent decertification on May 3, 2016 may have caused them to miss filing deadlines.
13   This was a situation entirely out of their control, and one that directly aligns with the Supreme
14   Court's approval of equitable tolling where a party "has received inadequate notice… or where
15   the court has led the plaintiff to believe that she had done everything required of her." *Baldwin*
16   *County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).

17   As the court held in *Burch v. Qwest Commc'ns Int'l, Inc.*, "[b]ecause it is infeasible for a
18   class member to file his or her own suit or motion to intervene contemporaneously with the
19   issuance of a court's decision to deny certification, courts typically deny certification and toll the
20   statute of limitations for an additional, brief period of time to afford a former class member the
21   opportunity to pursue his or her individual claims." No. CIV.06-3523 MJD/AJB, 2010 WL
22   529427, at *4 (D. Minn. Feb. 4, 2010). The Court agrees that this is the equitable result, and thus
23   extends the tolling of all applicable statutes of limitations for former class members through
24   August 31, 2016.

25

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 3

1    **B.**      **Plaintiffs' Two Motions to Consolidate and the Parties' Stipulated Motion**

2              **for Amendment and Joinder**

3         Plaintiffs next move the Court to consolidate two separate cases with this one, to join a

4    number of former class members, and to amend their complaint. (Dkt. Nos. 107, 124, and 125).

5         Defendants have agreed to the joinder of former class members Larry Henry Daniels,

6    James Daniel Duncan Sr., Kenneth Neil Green, Kelvin Dean Rodgers, Tarik D. Smith, Del

7    Delano Williams Sr., Dyvon Dwight Payton, Dion Gerard Eaglin, and Garland Lewis. (Dkt. No.

8    124 at 1.) Defendants have also agreed to consolidate Payton, Eaglin, and Lewis's separate case,

9    *Payton v. Traylor Bros.*, Case No. 16-0871-JCC (W.D. Wash. 2016), with this one. (*Id.*) The

10   Court therefore consolidates the two cases, joins each of these former class members, and

11   permits Plaintiffs to amend their complaint.

12        Defendants oppose the joinder of former class members Clifford Lee Berry, Andrew

13   Palmer Jones, and Ronald Lyle Long, and the consolidation of their separate case, *Berry v.*

14   *Traylor Bros.*, Case No. 16-1049-JCC (W.D. Wash. 2016), with this one.

15             *1.      Berry v. Traylor Bros*

16        There are a number of similarities and some differences between Berry, Jones, and Long

17   and the former class members who are currently plaintiffs in this case.

18        Like the current plaintiffs, Berry, Jones, and Long were each employed on the University

19   of Washington Sound Transit Link Light Rail construction project. (Dkt. No. 125-1 at 1.) Also

20   like them, they allege that they were supervised, at various times, by General Superintendents

21   John Hook, Bert Dore, and Wayne Wolff. (*Id.* at 3.) Finally, Berry, Jones, and Long are, like the

22   other plaintiffs, not Caucasian, (*id.* at 2–3), and similarly bring claims of disparate treatment and

23   disparate impact, alleging that Defendants unlawfully discriminated against them and that their

24   policies disproportionately impacted them. (*Id.* at 9–10.)

25        Unlike the current plaintiffs, Berry, Jones, and Long were employed as Cement Masons

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 4

1    at the UW Light Rail Project, rather than as laborers, (*id.* at 2–3), and were dispatched from

2    Local 528, not Local 440. (Dkt. No. 125 at 1–2.). And while Berry and Long are African

3    American, Jones is Native American. (Dkt. No. 125-1 at 1–2.) In addition, while the current

4    plaintiffs allege that Defendants either never hired them or terminated their employment, (Dkt.

5    No. 124-2 at 3–4), Jones and Berry allege that they were constructively discharged for this same

6    reason, while Long simply alleges that he "left employment." (Dkt. No. 125-1 at 1–2.)

7                    *2.      Consolidation*

8           "If actions before the court involve a common question of law or fact, the court may…

9    consolidate the actions." Fed. R. Civ. P. 42(a). "[C]onsolidation is within the broad discretion of

10   the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In analyzing the

11   appropriateness of consolidation, courts consider a number of factors, "including judicial

12   economy, whether consolidation would expedite resolution of the case, whether separate cases

13   may yield inconsistent results, and the potential prejudice to a party opposing consolidation."

14   *First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2109JLR, 2014 WL 496685, at *2 (W.D. Wash.

15   Feb. 6, 2014).

16          Berry, Jones, and Long allege that they were damaged by Defendants' discriminatory

17   practices and policy of discretionary decisionmaking, as do the current plaintiffs. (*Compare* Dkt.

18   No. 124-2 at 11–12 *with* Dkt. No. 125-1 at 9–10.) And their allegation that this discrimination

19   was carried out by General Superintendents Hook, Dore, and Wolff is also akin to that of the

20   current plaintiffs. (*Compare* Dkt. No. 124-2 at 4–8 *with* Dkt. No. 125-1 at 3–5, 7.) Thus, whether

21   Defendants—and these supervisors in particular—actually discriminated, and whether

22   Defendants' policies caused a disparate impact, is a common question for current plaintiffs and

23   for Berry, Jones, and Long. Furthermore, because Berry, Jones, and Long will be calling many of

24   the same witnesses and offering much of the same evidence as the current plaintiffs, (Dkt. No.

25   132 at 5–6), judicial economy favors consolidation. And because the Court has entered a trial

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 5

1    date of October 23, 2017 for the current plaintiffs, (Dkt. No. 133), there is no indication that

2    consolidation would delay resolution of Berry, Jones, and Long's dispute.

3            Defendants argue that they would be prejudiced by consolidation, as the jury would see

4    "strength in numbers" and be more likely to rule in favor of plaintiffs. (Dkt. No. 129 at 8.) But

5    the Court disagrees that the addition of three plaintiffs will improperly sway the jury. Defendants

6    also argue that consolidating the claims of Berry, Jones, and Long will cause confusion because:

7    (1) they involve constructive discharge, rather than termination or failure to hire; (2) Jones is

8    Native American, not African American; and (3) Jones brings a retaliation claim. But Berry and

9    Jones allege that they were constructively discharged for the very same reason that the current

10   plaintiffs allege they were terminated or never hired: Defendants' racial discrimination.

11   (*Compare* Dkt. No. 124-2 at 11–12 *with* Dkt. No. 125-1 at 9–10.) Similarly, although Jones is

12   not African American, he alleges, among other things, that he and his "mostly dark skinned"

13   crew were:

14           subjected to daily harassment, overt resentment, and anger when working in the
             tunnel, because of race, including, but not limited to, being told by a train operator
15           that his crew could not ride the train because the operator was "not taking those
             niggers anywhere" and "seems to me that you guys need to get walking."
16
17   (Dkt. No. 125-1 at 7.) Such alleged discrimination goes to the very heart of the current plaintiffs'

18   disparate treatment claim, namely that Defendants:

19           created and maintained a pattern and practice of disparate treatment of Plaintiffs
             and other African American Workers, including but not limited to, a failure to
20           assign meaningful work, a failure to provide overtime opportunities, a failure to
             provide training, the use of disrespectful, offensive and racially insensitive
21           language, dismissal, and/or a failure to provide gainful employment, because of or
             motivated by race.
22
23   (Dkt. No. 124-2 at 11.) Furthermore, Jones is not alone in claiming retaliation "for speaking out

24   against race discrimination and harassment," (Dkt. No. 125-1 at 10); Kelvin Rodgers brings this

25   very same claim. (Dkt. No. 124-2 at 12.) As noted, Defendants stipulated to Rodgers's joinder.

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 6

1    (Dkt. No. 124 at 1.) Therefore, adding Jones's retaliation claim is unlikely to confuse the jury. In

2    fact, the Court finds that *Berry* is so similar to this case—indeed, the complaints are often

3    identical—that failing to consolidate would risk reaching inconsistent results in related cases. *See*

4    *First Mercury Ins. Co.*, 2014 WL 496685, at *3 ("The cases have very similar questions of law;

5    indeed, the complaints are identical in many respects. Consolidation makes sense in light of this

6    fact.").

7    The Court therefore consolidates *Berry v. Traylor Bros.*, Case No. 16-1049-JCC (W.D.

8    Wash. 2016), with this case.

9

10         3.      *Joinder*

11   "On a threshold level, [Fed. R. Civ. P.] 20(a) imposes two specific requirements for the

12   permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or

13   defendant relating to or arising out of the same transaction or occurrence or series of transactions

14   or occurrences; and (2) some question of law or fact common to all parties must arise in the

15   action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). "[T]he

16   same transaction or occurrence requirement refers to similarity in the factual background of a

17   claim." *Soares v. Paramo*, No. 13CV2971 BTM (RBB), 2016 WL 3022040, at *4 (S.D. Cal.

18   May 25, 2016) (internal quotation marks omitted). "Claims that arise out of a systematic pattern

19   of events and have [a] very definite logical relationship arise from the same transaction or

20   occurrence." *Id.* (internal quotation marks omitted). It is well settled that Rule 20(a) "is to be

21   construed liberally in order to promote trial convenience and to expedite the final determination

22   of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l*

23   *Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

24

25

26   ORDER EXTENDING TOLLING OF STATUTE
     OF LIMITATIONS, GRANTING
     CONSOLIDATION AND JOINDER, AND
     DENYING MOTION FOR ORDER OF
     PROTECTION
     PAGE - 7

In *Robinson v. Geithner*, on which Defendants heavily rely, the court held that where plaintiffs allege the existence of "a racially discriminatory workplace," their claims arise out of "the same series of transactions or occurrences." No. 1:05-CV-01258, 2011 WL 66158, at *7 (E.D. Cal. Jan. 10, 2011). As their complaint makes clear, that is the very allegation raised by the current plaintiffs in this case—and it is what Berry, Jones, and Long allege as well. (*Compare* Dkt. No. 124-2 at 11–12 *with* Dkt. No. 125-1 at 9–10.) Defendants argue that Berry, Jones, and Long have failed to point to a decisionmaker common to them and the current plaintiffs, and that this dooms their claims. *See Robinson*, 2011 WL 66158, at *7 ("Generally, courts have concluded that the failure to point to a common decision-maker amounts to a failure to meet the transactional relatedness test."). But that is not entirely accurate. Rather, as noted, Berry, Jones, and Long allege that they were employed under the same General Superintendents as the current plaintiffs: Hook, Dore, and Wolff.[1] In addition, the court in *Robinson* found that when plaintiffs point to a company-wide policy under which they suffered discrimination, they are more likely to assert claims arising out of the same transaction or series of occurrences. 2011 WL 66158, at *8. The Court already found, in its class certification order, that the former class members "provided 'significant proof' that Defendants operated under a 'general policy of discrimination.'" (Dkt. No. 71 at 20.) The Court also found that the former class members "provided substantial evidence" that Defendants employed a policy of discretionary decisionmaking that disparately impacted the class. (*Id.* at 20–26.) Current plaintiffs make these very same claims, as do Berry, Jones, and Long. (Dkt. No. 124-2 at 11–12; Dkt. No. 125-1 at 9–

---

[1] Although Berry and Long were only employed during Dore and Wolff's tenure, Jones appears to have worked under all three General Superintendents. (Dkt. No. 125-1; Dkt. No. 53 at 6.)

ORDER EXTENDING TOLLING OF STATUTE
OF LIMITATIONS, GRANTING
CONSOLIDATION AND JOINDER, AND
DENYING MOTION FOR ORDER OF
PROTECTION
PAGE - 8

10.) The Court therefore finds that Berry, Jones, and Long assert a right to relief arising from the same transaction or series of occurrences as the current plaintiffs.

As the Court explained above, there are common questions of law and fact between the current plaintiffs and Berry, Jones, and Long. Like the current plaintiffs, Berry, Jones, and Long assert claims of disparate treatment and impact. Their allegations of discrimination involve the same General Superintendents as the current plaintiffs, and their time working for Defendants overlapped with at least some of the current plaintiffs. (*Compare* Dkt. No. 124-2 at 3–4 *with* Dkt. No. 125-1 at 2–3.) Like the current plaintiffs, the thrust of Berry, Jones, and Long's complaint is that racial discrimination allegedly permeated the entire UW Light Rail Project and was condoned by Defendants. (Dkt. No. 125-1 at 2–9.) Thus, contrary to what Defendants argue, Berry, Jones, and Long's claims are not so distinct from those of the current plaintiffs that they do not involve common questions of law or fact. *See Robinson*, 2011 WL 66158, at *8 ("Where claims require significant individualized attention, they do not involve common questions of law or fact.") (internal quotation marks omitted).

The Court therefore joins plaintiffs Berry, Jones, and Long.

## C. Defendants' Motion for a Protective Order

Finally, Defendants move the Court to enter a protective order staying all further depositions until the joinder deadline has passed. (Dkt. No. 108 at 1.) The burden is on the party seeking a protective order to "show good cause by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "After a showing of good cause, the district court may issue any protective order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

ORDER EXTENDING TOLLING OF STATUTE
OF LIMITATIONS, GRANTING
CONSOLIDATION AND JOINDER, AND
DENYING MOTION FOR ORDER OF
PROTECTION
PAGE - 9

1  expense." *Id.*

2      Plaintiffs have already deposed Defendants' employees Tony Traylor, Michael Krulc,

3  and Wayne Wolff. (Dkt. No. 114 at 2.) The parties have been attempting to schedule the

4  depositions of other current and former employees of Defendants for some time. (Dkt. No. 114 at

5  3.) Defendants now argue that any further depositions should be stayed because they will not be

6  able to properly prepare their personnel to be deposed until all plaintiffs have been identified.

7  (Dkt. No. 108 at 3.)

8

9      The Court has set a joinder deadline of August 31, 2016, thus Defendants' concern that

10  there is "no deadline by which additional plaintiffs must join this action" no longer applies. (Dkt.

11  No. 115 at 5.) And although Defendants reasonably wish to avoid the prospect of Plaintiffs

12  deposing one of their employees, and then seeking to do so again after a new plaintiff joins the

13  lawsuit, there is no indication that this will actually happen. If it does, the Court will address it at

14  that time. Furthermore, the Court agrees with Plaintiffs that Defendants should be prepared to

15  answer questions about *all* former class members even *after* the joinder deadline has passed,

16  since Plaintiffs' allegation of widespread racial discrimination is central to their claims. Thus,

17  Defendants' current and former employees will need to undergo significant preparation no matter

18

19  when they are deposed. Defendants have therefore failed to establish that subjecting them to

20  depositions before the joinder deadline has passed would cause an undue burden. *See Rivera*, 364

21  F.3d 1066 ("Even if the discovery would burden plaintiffs..., the burden must be 'undue' in

22  order to justify the protective order.").

23

24      The Court therefore declines to enter a protective order staying all further depositions.

25

26  ORDER EXTENDING TOLLING OF STATUTE
OF LIMITATIONS, GRANTING
CONSOLIDATION AND JOINDER, AND
DENYING MOTION FOR ORDER OF
PROTECTION
PAGE - 10

III.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to extend the tolling of

the statute of limitations (Dkt. No. 104). The Court EXTENDS the tolling of all statutes of

limitations for former class members through August 31, 2016.

In addition, the Court DENIES Defendants' motion for a protective order (Dkt. No. 108).

Finally, the Court GRANTS Plaintiffs' two motions for consolidation and joinder (Dkt.

Nos. 107 and 125), and GRANTS the parties' stipulated motion for amendment and joinder (Dkt.

No. 124). The Court therefore ORDERS the following:

1.     The Court JOINS the following plaintiffs: Larry Henry Daniels, James Daniel

Duncan Sr., Kenneth Neil Green, Kelvin Dean Rodgers, Tarik D. Smith, and Del Delano

Williams Sr.

2.     The Court CONSOLIDATES *Payton v. Traylor Bros.*, Case No. 16-0871-JCC

(W.D. Wash. 2016) with this case, and JOINS its plaintiffs: Dyvon Dwight Payton, Dion

Gerard Eaglin, and Garland Lewis.

3.     The Court CONSOLIDATES *Berry v. Traylor Bros.*, Case No. 16-1049-JCC

(W.D. Wash. 2016) with this case, and JOINS its plaintiffs: Clifford Lee Berry, Andrew

Palmer Jones, and Ronald Lyle Long.

4.     Plaintiffs are ORDERED to file a motion for leave to amend their complaint in

line with this Order within twenty-one (21) days. Plaintiffs' amended complaint shall

incorporate all of the joined individuals and their claims. Plaintiffs shall file a proposed

amended complaint along with their motion.

//

ORDER EXTENDING TOLLING OF STATUTE
OF LIMITATIONS, GRANTING
CONSOLIDATION AND JOINDER, AND
DENYING MOTION FOR ORDER OF
PROTECTION
PAGE - 11

1    DATED this __15th__ day of August 2016.

2

3

4

5

6

7

8                                John C. Coughenour
                                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER EXTENDING TOLLING OF STATUTE
OF LIMITATIONS, GRANTING
CONSOLIDATION AND JOINDER, AND
DENYING MOTION FOR ORDER OF
PROTECTION
PAGE - 12